BENJAMIN B. WAGNER
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY RICHARDSON, </br></br>           Plaintiff, </br></br> v. </br></br> UNITED STATES OF AMERICA, DOE PRISONERS I-XX, individually and DOES I-XX, inclusive, </br></br>           Defendants. | 1:09-cv-02082-LJO-MJS </br></br> **STIPULATION FOR PROTECTIVE ORDER;  ORDER** |

Plaintiff Tony Richardson("Plaintiff") and Defendant United States of America ("United States") (collectively "the parties") stipulate, by and through the undersigned counsel, as follows:

WHEREAS the parties seek to use confidential information relating to the operation of the United States Penitentiary at Atwater, personal identifier information of Plaintiff and Brian King Humphreys, as well as medical and/or psychological records of Plaintiff in this action (collectively "Confidential Information");

WHEREAS, such Confidential Information is arguably protected from disclosure pursuant to confidential security rights and/or privacy rights;

WHEREAS, the parties wish to protect the rights of the United States, Plaintiff and Brian King Humphreys, from unauthorized and/or unnecessary disclosure of the Confidential Information;

1  WHEREAS, the parties also wish to prevent the possibility of any misuse or unnecessary
2 disclosure of the Confidential Information, regardless of any security and/or privacy rights;

3  THE PARTIES THEREFORE STIPULATE, and pending further order of the Court, that
4 the following procedures designed to ensure the protection of this Confidential Information shall
5 govern all forthcoming pre-trial discovery proceedings:

6  1.  All information designated as "Confidential Information" that is privy to security
7 and/or rights of privacy is subject to this stipulated Protective Order.

8  2.  Confidential Information may be shown, or its contents disclosed only to the
9 following persons:

10  (a)  Counsel of record in this action and counsel's agents and employees; and
11  (b)  Any expert used as a consultant or intended to be called as a witness who
12      is retained by counsel of record to assist in the preparation and/or trial of
13      this case.

14  Confidential Information designated as subject to this Protective Order shall not
15 be disclosed or shown to any other person or entity.

16  3.  Confidential Information designated as subject to this stipulated Protective Order
17 or any information derived therefrom shall be used solely for the purpose of the disputed claims
18 and defenses in connection with this litigation and not for any other purpose.

19  4.  The parties' respective counsel of record each agree to make all reasonable efforts
20 to ensure compliance with this Protective Order.  Any persons referred to in paragraph 2(b) of
21 this stipulated Protective Order who receives information designated as Confidential Information
22 pursuant to this stipulated Protective Order shall first read a copy of this stipulated Protective
23 Order and agree in writing to abide by the terms thereof.  Any persons referred to in paragraph
24 2(b) who reviews any Confidential Information shall agree to the terms of the Stipulation and
25 execute Exhibit A attached hereto.

26  5.  The parties enter into this stipulated Protective Order without prejudice to any
27 party's right to object to the disclosure of any information on any ground that it/he may deem
28

1  appropriate, and any party or non-party may, upon motion, seek relief from, or modification of,
2  this Protective Order based on a showing of good cause.

3      6.      The designation of any information as "Confidential Information" pursuant to this
4  Protective Order is intended solely to facilitate the preparation of this case for trial.  No party
5  shall be obligated to challenge the propriety of any designation by the opposing party, and a
6  failure to do so shall not preclude a subsequent attack on the propriety of any "Confidential
7  Information" designation.

8      7.      If Confidential Information is improperly disclosed to any person other than in the
9  manner authorized by this Protective Order, the party responsible for the disclosure must
10 immediately inform the other party of all pertinent facts relating to such disclosure (including the
11 name and address of each person to whom disclosure was made), promptly retrieve the
12 improperly disclosed Confidential Information and shall make reasonable efforts to prevent
13 further disclosure by said authorized person(s).

14     8.      The parties agree that, prior to commencement of trial, they will enter into
15 mutually agreeable stipulations and protective orders with respect to any Confidential
16 Information to be disclosed during trial.  Any unresolved disputes shall be resolved in accordance
17 with the Federal Rules of Civil Procedure and addressed within the parties' pretrial statements.
18 Any party intending to utilize any Confidential Information in a law and motion matter or at trial
19 should lodge the document under seal so as to preserve its confidentiality pending the Court's
20 determination regarding whether a privilege exists that precludes the use of the document or
21 other information as evidence or determining what safeguards should be utilized if the
22 Confidential Information is to be considered as evidence.

23     9.      Upon final determination of this action, unless otherwise agreed to in writing by
24 opposing counsel, each party shall either:

25        (a)     Assemble and return all material designated as protected Confidential
26            Information under this Protective Order, including all copies thereof, to the
27            producing party and certify in writing that all such material has been returned; or
28        (b)     Certify in writing that all such material has been destroyed.

10. If any person breaches this stipulated Protective Order, any person may notice a hearing to the District Court requesting appropriate relief.

11. All parties to this Protective Order have participated in drafting the Order.

Respectfully submitted,

Dated: April 8, 2011                     BENJAMIN B. WAGNER
                                         United States Attorney


                                         /s/ *Alyson A. Berg*
                                         ALYSON A. BERG
                                         Attorneys for Defendant
                                         United States of America

                                         Law Offices of Christina DiEdoardo


Dated: April 8, 2011                     /s/ *Christina A. DiEdoardo* (as authorized 4-8-11)
                                         Christina A. DiEdoardo
                                         Attorneys for Plaintiff
                                         Tony Richardson


**IT IS SO ORDERED**.


DATED:  April 11, 2001                   /S/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation entered into in <u>Tony Richardson v. United States of America, et al</u>, United States District Court for the Eastern District of California, Case No. 1:09-cv-02082 and hereby agree to comply with and be bound by the terms and conditions of said Stipulation. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date:   _____
                                                              Name